LIONNIL BRYANT, Appellant, v. THE INDUSTRIAL COMMISSION *et al.* (Ford Motor Company, Appellee).

First District (Industrial Commission Division)   No. 1—92—0808WC

Opinion filed August 6, 1993.

WOODWARD, J., dissenting.

Jonathan Kurasch, of Chicago, for appellant.

Ridge, Condon & Saunders, P.C., of Chicago, for appellee.

JUSTICE STOUDER delivered the opinion of the court:

The appellant, Lionnil Bryant (the claimant), filed an application for adjustment of claim pursuant to the Workers' Compensation Act (Ill. Rev. Stat. 1985, ch. 48, par. 138.1 *et seq.*), contending he suffered injuries to his neck and right hand while working for the appellee, the Ford Motor Company (the employer). Following a hearing, the arbitrator found the claimant sustained a 20% loss of the use of his right hand and a 5% disability of a person as a whole. The arbitrator awarded benefits accordingly.

The employer sought review, claiming it was entitled to certain credits arising out of workers' compensation amounts previously awarded. The Commission increased the claimant's award, finding the evidence showed a 100% loss of the use of his right hand. The Commission found the employer was entitled to a 40% credit for amounts previously awarded. Therefore, on the instant claim, the Commission awarded the claimant for a 60% loss of the use of his right hand.

The circuit court reversed, finding the Commission's decision was against the manifest weight of the evidence. The circuit court found the evidence showed a 60% loss of the use of his right hand. Noting the 40% credit, the circuit court held the claimant's award on the instant claim was reduced to 20%. The claimant appeals and we affirm.

The record shows that on October 3, 1985, the claimant was employed as a press operator at the employer's Chicago Heights operations. While operating the press, his right hand was pulled into the machinery, jerking his whole body. The claimant was taken to the emergency room of St. James Hospital. The claimant sustained lacera-

tions and crushing injuries to the right hand. X rays were taken which revealed a comminuted nondeforming fracture of the proximal phalanx of the small finger. One of the lacerations was sutured and a sling was administered.

On October 4, 1985, the claimant was treated by Dr. Anthony L. Brown. According to Brown's report, the claimant complained of pain and swelling in the right hand and discomfort in the neck and shoulder. Brown examined the claimant's right hand and cervical spine, and reviewed the X rays taken the previous day. Brown found, *inter alia*, that the claimant sustained a crushing injury to the right hand with multiple lacerations and contusions, and a nondeforming fracture of the small finger. Brown also noted an old flexor tendon injury to the right small finger. .

Brown treated the claimant on at least four more occasions in October of 1985, noting improvement in the claimant's condition. The claimant did not keep scheduled appointments in November and December of 1985. The claimant was examined by Brown on January 9, 1986. Brown's report of this examination discusses only the condition of the claimant's cervical spine and shoulders. There is no mention of complaints concerning the right hand, nor any specific comments on the condition of the hand. The report concludes that the examination was essentially negative and no further treatment appeared to be required. No additional appointments were scheduled.

At the request of the employer, Dr. Brown again examined the claimant on January 15, 1987. The claimant complained of discomfort in the right hand, especially when lifting. The claimant noted decreased grip strength, swelling and limitations in the motion of the small finger. He stated he experienced numbness in the entire hand when he slept on his right side. Brown's examination revealed restriction in the range of motion in the small finger.

The claimant was examined by Dr. Richard Shermer on April 4, 1988. The claimant complained of intermittent aching in the right hand. Shermer noted a one-inch scar over the "right long knuckle." Shermer found the claimant could not completely close the long finger into the palm. This condition resulted in decreased grip strength in the right hand. Shermer's examination showed full "excursion" of the thumb, index, ring and little fingers. Shermer opined the claimant had a permanent partial loss of the use of the right hand arising out of his inability to completely close the long finger into the palm.

The claimant testified before the arbitrator that he did not lose any time from work as a result of his injury. He stated that he was eventually moved to the job of sweeper (which he could perform one-

handed) at his previous rate of pay. He stated his right hand was in a sling for about six months. The claimant testified he noticed he could not use his hand in the manner he had previous to the incident. He noted his hand would get numb when he tried to pick things up and that he continues to have pain in the hand. He also testified that when he lifts objects with the right hand he experiences pain in the hand which radiates up his arm to his elbow.

As noted above, the arbitrator found the claimant sustained a loss of 20% of the use of his right hand resulting from his inability to completely close the long finger into his palm. On review, the Commission found the claimant sustained a 100% loss of the use of his right hand. The Commission stated that it "recognize[d]" the claimant was unable to use his right hand and that the medical evidence corroborated the claimant's subjective complaints.

The circuit court of Cook County reversed, finding the Commission's decision was against the manifest weight of the evidence. The circuit court found there was no medical evidence to support a finding of complete disability and that the evidence also did not support the claimant's subjective complaints at arbitration. The circuit court concluded the arbitrator's findings were consistent with the medical evidence.

On appeal, the claimant contends the circuit court erred in substituting its judgment for that of the Commission on a question of fact. The claimant contends the record supports a finding of complete disability in his right hand. He cites the fact he has been given one-handed work since the incident. The employer responds that the circuit court correctly determined the Commission's decision was against the manifest weight of the evidence. The employer contends the medical evidence does not support the subjective complaints the claimant expressed at arbitration. Nor does the medical evidence support a finding of 100% loss of the use of the right hand.

■ The extent of a claimant's disability is a factual question to be determined by the Commission, and its decision will not be set aside unless it is against the manifest weight of the evidence. (*Santiago v. Industrial Comm'n* (1977), 66 Ill. 2d 356, 362 N.E.2d 347.) The loss of a member is complete when the normal use of the member has been taken away. *C.S.T. Erection Co. v. Industrial Comm'n* (1975), 61 Ill. 2d 251, 335 N.E.2d 419.

■ In the instant case, the record is devoid of any evidence to support a finding of 100% loss of the use of the claimant's right hand. None of the medical evidence supports the Commission's finding. Neither Dr. Brown nor Dr. Shermer opined the claimant's hand was to-

tally disabled. The claimant's hand required no further treatment after October 21, 1985—18 days after the initial injury. The record shows the small finger on the claimant's right hand was already impaired by a previous injury. It was not until Dr. Shermer's examination in 1988 that there is any mention of impairment to the middle finger. Interestingly, Shermer noted no impairment of the small finger. None of the medical reports reflects a complaint of numbness on lifting objects or that he dropped things. The medical records are not consistent with the complaints expressed at arbitration.

In addition, the claimant did not testify he could not use his right hand. He only testified he could not use the hand in the same way he had prior to the October 3, 1985, injury.

In sum, there is no evidence the claimant sustained a 100% loss of the use of his right hand. The Commission's decision on this issue is simply arbitrary and without basis in the record. Therefore, the circuit court correctly determined that the Commission's decision was against the manifest weight of the evidence.

Therefore, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

McCULLOUGH, P.J., and RAKOWSKI and RARICK, JJ., concur.

JUSTICE WOODWARD, dissenting:

I respectfully dissent. The Commission's decision in favor of the claimant is supported by the evidence. It is axiomatic that, due to its expertise in the area of workers' compensation, the Commission's findings as to the nature and extent of permanent disability are given substantial deference. (*Grischow v. Industrial Comm'n* (1992), 228 Ill. App. 3d 551.) It is not a reviewing court's province to substitute its judgment for the Commission's, merely because it might have made a different finding. *Grischow*, 228 Ill. App. 3d at 559.

The majority's opinion states that there is *no evidence* that claimant sustained a 100% loss of the use of his right hand. This is simply not the case here. Claimant testified that, prior to his accident, he had worked 12 years as a punch press operator. As a result of his right hand injury, he was not able to return to work in that capacity. Claimant has not regained any industrial function in his injured hand and has been restricted to one-handed work. He wears a sleeve on his right hand while at work. Claimant testified that he is unable to lift or grasp anything with his right hand. He experiences pain which

goes from his hand, up his arm, causing pain in his elbow. This pain is aggravated by cold weather and often arises in the evenings. Of particular importance here is the employer's failure to offer any evidence that claimant is not a one-handed worker.

As noted in the majority's opinion, Dr. Brown's last examination of claimant revealed a deterioration in his right hand's condition. At that time, claimant had experienced decreased grip strength and limitations in the small finger's motion. Dr. Shermer was told by claimant of his continuing right hand problems. Dr. Shermer noted that claimant could not close the long finger of his right hand. The observations of Drs. Brown and Shermer, when taken together, show that two of claimant's right fingers were substantially dysfunctional.

In the arbitrator's decision, the following language is found:

"On October 3, 1985, Petitioner was working as a press operator when he caught his right hand in the machine. He received a crushing injury to the right hand in his attempt to extricate himself injured his neck. The injury to the hand resulted in lacerations, swelling and a comminuted fracture of the fifth proximal phalanx. *** The petitioner came under the care of Dr. Anthony L. Brown, the respondent's selected treating doctor. A contoured hand and forearm cast dressing was applied. Petitioner was placed on one-arm restricted job duty. *** A soft cervical collar and arm sling were prescribed for a period of six months. He continued to work with one arm until 1986 when his job was changed to that of a sweeper. *** He still wears a special sleeve on his hand and works with one arm. ***.

*** No doctor has suggested that Petitioner's complaints are insincere. This is even more significant in light of Petitioner's continued employment on one-handed, restricted duty which involved a job change. In his examination of April 4, 1988, Dr. Shermer found a one inch scar over the right long knuckle. The scar was hypertrophic with thickening. Petitioner lacks one inch to complete closure of the long finger. There was a decrease in hand grip. Dr. Brown's x-ray of January, 1987 revealed a fracture of the fifth metacarpal with slight angulation. I concluded from the foregoing that Petitioner, whose work is manual in nature, has suffered significant disability."

In its decision and opinion on review, the Commission stated:

"The Commission modifies the Decision of the Arbitrator to find that petitioner sustained 100% loss of use of the right hand pursuant to §8(e) of the Workers' Compensation Act.

In support of said finding, *the Commission recognizes that Petitioner is unable to use his right hand and that the medical evidence corroborates Petitioner's subjective complaints.*" (Emphasis added.)

In requiring that claimant come forward with medical support, the majority ignores the fact that a claimant may recover on his own testimony without corroboration. (*Old Ben Coal Co. v. Industrial Comm'n* (1990), 198 Ill. App. 3d 485.) It is clear that the Commission placed the most emphasis on claimant's testimony, which described the uselessness of his right hand for work purposes. It is also obvious that the Commission did not find that the medical evidence undercut claimant's testimony. This medical evidence, when coupled with claimant's unrebutted testimony, demonstrates a substantial impairment of claimant's right hand. The record before us supports the Commission's decision that claimant had sustained a 100% loss of the use of his right hand, and I would affirm the circuit court's judgment.